IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAZMINE JUAREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv-07731 |
| vs. ) | |
| ) | |
| COMENITY, LLC, ) | |
| ) | <u>Jury Demanded</u> |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Jazmine Juarez, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

2. This Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, made the calls that are the subject of this lawsuit to Plaintiff in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## STANDING

3. Defendant placed calls to Plaintiff's cell phone using an automated dialer without her consent.

4. Defendant placed calls using a prerecorded voice to Plaintiff.

5. Plaintiff's has thus suffered an injury as a result of Defendant's invasion of her privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff Jazmine Juarez is a natural person who resides in this District.

7. Defendant, Comenity, LLC ("Comenity") is a Delaware limited liability company. Its registered agent and address is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## FACTS

8. Plaintiff has received multiple calls to her cellular telephone from Comenity. Most of these calls are believed to have happened in September 2019, although there are calls before and after that period.

9. Plaintiff received voicemails from Comenity featuring a prerecorded voice urging her to call Comenity regarding an important matter.

10. Plaintiff returned several of the calls and was informed that Comenity was calling regarding a debt allegedly owed by her mother, Claudia Juarez, on a Comenity credit card.

11. Plaintiff explained that she was not Claudia.

12. Nevertheless, Comenity continued to call several times per day.

13. Ultimately, Plaintiff decided to make a payment on her mother's account and agreed to set up a payment plan to avoid the incessant calls and voicemails.

14. The voicemails left by Comenity featured a prerecorded or artificial voice which indicates the use of an autodialer – that is, a combination of software and hardware that can automatically dial numbers without human intervention.

15. On information and belief, such equipment also has the capacity to produce telephone numbers using a random or sequential number generator and to dial those numbers.

16. Many of the numbers Comenity calls to collect a debt are obtained by "skip-tracing," an investigative method used to obtain consumer phone numbers from online databases and credit reports, rather than from consumers themselves.

17. Comenity may also obtain consumer phone numbers from third-parties or their own records regarding other transactions, accounts, or business matters.

18. Comenity knows that they do not have "prior express consent" to call phone numbers that had been obtained through skip tracing; from third parties; or from matters unrelated to the subject matter of a given call.

19. Comenity also knows that a consumer may, at any time and for any reason, revoke consent to be called at a certain number or numbers.

20. Upon information and belief, Comenity keeps records and data from which it can determine which phone numbers they do not have consent to call (e.g. skip-traced numbers; revoked consent).

21. Comenity does not use these records to prevent their calls from being placed to those numbers but chooses to call those numbers using an autodialer and/or pre-recorded or artificial voice for business reasons.

22. Comenity knew about the TCPA before making the calls to plaintiff but made these autodialed calls and left prerecorded messages in spite of such knowledge.

23. On information and belief, Comenity also used third party vendors to make calls.

24. The telephone calls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of her cellular telephone line for other potential callers.

25. The telephone calls were intentionally, willfully and knowingly initiated without Plaintiff's consent as Comenity was aware it did not have consent from her to call her cellular phone.

26. The telephone calls were not initiated by accident or mistake.

## COUNT I – TCPA – AUTOMATED TELEPHONE DIALING SYSTEM

27. Plaintiff incorporates by reference the above paragraphs.

28. Comenity contacted Plaintiff using an automated telephone dialing system, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Jazmine Juarez respectfully requests that the Court enter judgment against Comenity for:

    A. A declaration that Comenity violated the TCPA;

    B. Injunctive relief aimed at ensuring the prevention of Comenity from violating the TCPA in the future, including requiring Comenity to cease calling Plaintiff's cellphone using an automated telephone dialing system.

    C. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to Plaintiff;

    D. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

E. Actual damages pursuant to 47 U.S.C. § 227(b)(3) and,

F. Such other or further relief as the Court deems just and proper.

## COUNT II – TCPA – ARTIFICIAL OR PRERECORDED VOICE

29. Plaintiff incorporates by reference paragraphs 1-26 above.

30. Comenity contacted Plaintiff using an artificial or precorded voice, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Jazmine Juarez, respectfully requests that the Court enter judgment against Defendant for:

A. A declaration that Comenity violated the TCPA;

B. Injunctive relief aimed at ensuring the prevention of Comenity from violating the TCPA in the future, including requiring that Comenity cease using prerecorded messages to contact Plaintiff.

C. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every call employing the use of an artificial or prerecorded voice.

D. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation; and,

E. Actual damages pursuant to 47 U.S.C. § 227(b)(3) and,

F. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

[SIGNATURE PAGE TO FOLLOW]

                                                By: s/Michael W. Drew
                                                One of Plaintiff's Attorneys

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com

Celetha C. Chatman
Michael J. Wood
**Community Lawyers LLC**
20 N. Clark Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com